IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher E. Keifer,           :

    Petitioner,              :      Case No.  2:11-cv-199
                                    Crim. No. 2:08-cr-162(1)
  v.                               :
                                    JUDGE ALGENON L. MARBLEY
United States of America,        :      Magistrate Judge Kemp

    Respondent.              :

<u>OPINION AND ORDER</u>

    Petitioner, Christopher E. Keifer, was charged in an information filed on August 25, 2008, with two counts of bank fraud, one count of making, uttering and possessing counterfeit securities, and one count of possessing unauthorized access devices.  He subsequently pleaded guilty to counts one, two, and four, and on October 30, 2009, he was sentenced to a term of imprisonment of 87 months on each count, to run concurrently, plus terms of supervised release.  Restitution was also ordered and, at a subsequent restitution hearing, the amount of restitution to be made to each victim of the offense was determined.  A judgment, including the amounts to be paid as restitution, was entered on January 29, 2010.  The same judgment was re-entered on June 28, 2010 in order to reflect a correction to the accompanying Opinion and Order.  Petitioner did not, at any time, appeal the judgment.

    On January 28, 2011, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.  In his motion, petitioner raises four issues: that he received ineffective assistance of counsel because no notice of appeal was filed on his behalf; that the Court erred in not permitting him to withdraw his guilty plea; that both prosecutorial misconduct and ineffective assistance of counsel tainted his guilty plea because relevant documents were withheld by the prosecutor and

not obtained by his attorney; and that the court violated due process by ordering restitution to petitioner's business partner, Mr. Simons, who, petitioner claims, was a knowing participant in many of the transactions involved in this case. In response, the United States has asked the Court to grant the petition based on the first ground, re-enter the judgment and commitment order, and permit petitioner to appeal. Counsel for Mr. Simons has also filed a response in which he defers to the United States' position on this issue. The United States has also filed a motion to hold the balance of the case in abeyance pending the Court's decision about whether to vacate and re-enter the judgment, noting that if petitioner is allowed to appeal, he may raise the other issues asserted in his petition on appeal. Petitioner has not filed a response to respondent's answer to the motion, and the time for doing so has expired. For the following reasons, the Court will accept respondent's invitation to resolve this matter by vacating and re-entering the judgment so that petitioner may file a timely direct appeal.

I.

In support of his first claim for relief, petitioner quotes from a colloquy which took place on October 30, 2009, when he appeared before the Court for a sentencing hearing. Petitioner was represented at that time by attorney Bradley D. Barbin. At the outset of the hearing, Mr. Barbin requested a continuance of the hearing, which request was denied, and he also raised some supplemental objections to the Presentence Investigation Report. A discussion then followed about an issue of restitution relating to one of the counts which appeared in the information and to which petitioner agreed to plead guilty, but which was dismissed by the United States prior to sentencing. The Court ordered additional briefing on that issue and set a separate hearing at which the correct amount of restitution, both on that matter and

with respect to two other victims about which there was a potential dispute, would be determined.

The case then proceeded to sentencing with respect to all matters except restitution. After pronouncing sentence, the Court advised petitioner of his right to appeal the sentence and asked him if he wanted the Clerk's office to file a notice of appeal for him. Petitioner responded by stating, "Not at this time without talking to Mr. Barbin." See Transcript of October 30, 2009 hearing, at 87. Mr. Barbin then interjected, "Your Honor, since restitution hasn't been fully adjudicated, and we don't want to lose the appellate right, it may be a good idea to file the appeal." Id. He agreed to work with the Clerk's office to file the notice, which was due, according to the advice given to petitioner and his counsel by the Court, within ten days. However, no notice of appeal was filed within that time period.

The restitution hearing was held on January 13, 2010. Although petitioner was not specifically advised of his right to appeal at the conclusion of that hearing because that advice had previously been given to him, the subject of an appeal did come up. Petitioner was still represented by Mr. Barbin, and Mr. Barbin made the following statement on the record:

> MR. BARBIN: Your Honor, one matter; that is, with respect to the appeals that will be filed in this case, whether appeals of merit or habeas corpus or successive petitions, it is my belief, based on my conversations with my client, that I'm at an impasse. I do not wish to harm my client in any way. I believe that based on something that's happened, it might be best for the appeal to be handled by someone other than myself in order not to jeopardize the defendant's rights, which are foremost to me in the representation.

Transcript of January 13, 2010 hearing, at 64.

The Court entered formal judgment on January 29, 2010. No notice of appeal was filed following the entry of judgment. On

March 9, 2010, Mr. Barbin filed a motion for leave to withdraw as counsel.  The Court granted that motion on April 2, 1010, and Kirk McVey, petitioner's current counsel, was appointed to represent him in connection with the United States' motion for a writ of execution.  On June 28, 2010, the Court re-entered the prior judgment due to a correction made to the Opinion and Order which accompanied the earlier judgment.  No notice of appeal was filed at that time, nor, in fact, has one ever been filed in this case.  Petitioner claims that his counsel was ineffective for failing to file a notice of appeal on his behalf, presumably either in a timely fashion after the sentencing hearing of October 30, 2009, or after the Judgment and Commitment order was filed on January 29, 2010.  As noted, the United States appears to concede that petitioner did not receive effective assistance of counsel with respect to filing a notice of appeal, and asks the Court to vacate and re-enter judgment so that he may do so.

As this Court noted in Watkins v. United States, 2009 WL 1649746, *1-2 (S.D. Ohio June 10, 2009),

> The failure by a defense attorney to file a timely appeal after being requested to do so by his client constitutes the ineffective assistance of counsel. Ludwig v. United States, 162 F.3d 456, 459 (6th Cir.1998).
>
> > [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. Pequero v. United States, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so

4

> cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.
>
> Roe v. Bores-Ortega, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In this specific situation, relief under § 2255 is appropriate because it simply puts the petitioner back in the exact situation he would have been in had the notice of appeal been timely filed. See McIver v. U.S., 207 F.3d 1327 (11th Cir.2002).

It is clear from the record that on October 30, 2009, counsel agreed in open court to file a notice of appeal on petitioner's behalf. At that time, of course, no formal judgment had been entered, because the amount of restitution was still an open question. Nevertheless, had a notice of appeal been filed, under Fed.R.App.P. 4(b)(2), it would have been effective, because that rule reads in full: **"Filing Before Entry of Judgment**. A notice of appeal filed after the court announces a decision, sentence, or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry." Thus, regardless of whether the Court's final judgment was effective as of the date of the sentencing hearing, or on January 29, 2010, when the written judgment was entered, had counsel acted in accordance with the representations made at the sentencing hearing, petitioner would not have lost his right to appeal.

It would be no excuse that, at the January 13, 2010 hearing, counsel identified some impediment to his continuation as petitioner's attorney. He could have filed the notice of appeal and then requested that new counsel be appointed on appeal. Alternatively, if he believed that whatever conflict had developed prevented him even from filing a notice of appeal, he could have filed his formal motion for leave to withdraw promptly

after the hearing or promptly after the Court's entry of judgment, or he could have advised the Clerk's office of the need for a notice of appeal to be filed on petitioner's behalf so as not to affect his right of appeal.  None of these things were done, and, as the Court of Appeals held in Ludwig, these cannot be considered to have been strategic decisions.  Consequently, the Court agrees with the United States that ground one of the petition has merit, and that the appropriate remedy is to vacate and re-enter judgment so that petitioner, through his current counsel, may perfect an appeal.  Because the appeal may resolve either the case itself, or resolve or alter the other issues raised in the motion to vacate, the Court will dismiss the remaining claims in the petition without prejudice to their reassertion should they not be resolved on appeal.

II.

For the following reasons, the Court GRANTS petitioner's motion to vacate, correct, or set aside judgment (#96) on the first ground raised to the extent that the Court's prior judgment is **VACATED**.  The Clerk is directed to re-enter judgment in identical form.  Petitioner is advised of his right to appeal the entry of that judgment within fourteen days of its entry.  Respondent's motion to hold the motion to vacate in abeyance (#100) is **DENIED AS MOOT**.  Claims two, three and four of the motion to vacate are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                          **s/Algenon L. Marbley**
                                          ALGENON L. MARBLEY, JUDGE
                                          United States District Court

**DATE: August 19, 2011**