IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case no. 2:08-CR-162 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| CHRISTOPHER KEIFER, : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the Court to consider Defendant Christopher Keifer's Motion to Stay Enforcement of Sentence Pending Appeal ("Motion to Stay"). (Dkt. 111.) Mr. Keifer ("Defendant"), representing himself pro se, requests that this Court stay enforcement of the criminal monetary penalties that were a part of the judgment entered against him on August 19, 2011 until his appeal has been decided. The Government opposes a stay. The motion has been fully briefed and is ripe for decision. For the following reasons, the Motion to Stay is **DENIED**.

### I. *Background*

In August 2008, Defendant was charged in a four-count information with two counts of bank fraud, in violation of 18 U.S.C. § 1344; one count of uttering a forged and counterfeit security in violation of 18 U.S.C. § 513; and one count of fraud and related activity in connection with access devices in violation of 18 U.S.C. § 1029(a)(3). Defendant pleaded guilty to counts one (bank fraud), two (bank fraud), and four (fraud and related activity in connection with access devices). (9/4/08, Plea Tr. at p. 40). This Court sentenced Defendant to 87 months incarceration on each of the counts, to run concurrently; five years of supervised release on counts one and two; three years of supervised release on count four; a $300 special assessment fee; and

$915,395.49 in restitution, as determined at a later hearing. (10/30/09, Sentencing Tr. at pp. 82–83; 1/13/10, Restitution Tr.). On August 30, 2011, Defendant filed a timely notice of appeal.

Defendant argues his appeal is likely to succeed, and therefore requests a stay on the enforcement of the criminal monetary penalties that were a part of the judgment entered against him. The Governments argues that Defendant's appeal will not be successful and therefore opposes the stay.

## II. *Law and Analysis*

Under Rule 38 of the Federal Rules of Criminal Procedure, the district court has broad discretion whether to stay a sentence to pay a fine or restitution. Fed. R. Crim. P. 38(c) ("If the defendant appeals, the district court . . . may stay a sentence to pay a fine and costs. The court may stay the sentence on any terms considered appropriate[.]"); Fed. R. Crim. P. 38(e) ("If the defendant appeals, the district court . . . may stay—on any terms considered appropriate—any sentence providing for restitution under 18 U.S.C. § 3556[.]")

The Supreme Court has stated "it has always been held, that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal" since an appellate "court's decision may in some cases come too late for the party seeking review." *Nken v. Holder*, 556 U.S. 418, 1754 (2009) (quoting *Scripps–Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9–10 (1942)); *see also United States v. Hill*, 167 F.3d 1055, 1074 (6th Cir. 1999) ("The district court may stay the execution of a criminal forfeiture judgment. The decision to stay is discretionary."); *United States v. Brindle*, No. 1:10–CR–00409, 2011 WL 305057, at *1 (N.D. Ohio January 28, 2011) ("The decision whether to stay a fine pending appeal is within the discretion of the Court.").

Defendant argues that the "very high likelihood," of success on his pending appeal should encourage this Court to stay enforcement. (*See* Dkt. 111 at p. 4.) This is the only argument Defendant presents in support of his Motion to Stay. Defendant appeals the Judgment against him on three grounds: (1) he challenges this Court's denial of Defendant's Motion to Dismiss, which was based on a claim that his pleas were involuntarily, (2) he challenges this Court's denial of his Motion to Withdraw his guilty pleas, and (3) he challenges this Court's application of the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §3663A, to victim Nathan Simons.

Defendant's Memorandum in Support of the stay focuses entirely on the claimed involuntary nature of his guilty pleas. On appeal, Defendant argues his guilty pleas were involuntary because the Government withheld over 6,000 business documents from him. These documents were business records that originally belonged to Defendant, but for which Defendant had no duplicates. (10/16/09, Sentencing Tr. at p. 10). Defendant admits, however, that he consented to the confiscation of the documents by the Government. (9/11/09, Sentencing Tr. at p. 9). Defendant also stated, both at sentencing and in his Memorandum in Support of this Motion, that he was familiar with the contents of the documents. (*Id.* at 11; Dkt. 111 at p. 5).

Despite his consent to the confiscation and familiarity with the documents, Defendant now contends that his guilty pleas were involuntary because of a *Brady* violation.[1] (*Id.* at 7–8). Defendant argues there is a reasonable probability he would not have entered the guilty pleas had the 6,000 documents not been withheld, as the documents would have allowed Defendant to establish a defense against the charges.

---

[1] *See Brady v. United States*, 397 U.S. 742 (1970).

The Government disputes the alleged *Brady* violation and also the other aspects of the Defendant's pending appeal, the entirety of which, the Government argues, will be unsuccessful. First, with respect to Defendant's appeal regarding the involuntary nature of his guilty pleas, the Government posits that no *Brady* or discovery violation occurred. Hence, Defendant's pleas were not involuntary. To establish a violation under *Brady*, the defendant has the burden of proving that the prosecution suppressed evidence that was unknown to the defendant. *United States v. Tarwater*, 308 F.3d 494, 515 (6th Cir. 2002). Here, Defendant acknowledged his familiarity with the contents of the documents in the Government's possession, so the suppressed evidence cannot be characterized as "unknown" to him.

Additionally, it is not the case that the documents were withheld from Defendant's access. Defendant could have obtained the documents from the Government prior to entering his guilty pleas by requesting that the Government disclose the documents under Fed. R. Crim. P. 16(a)(1)(E).[2] Defendant never made such requests until after entering his guilty pleas. When Defendant requested disclosures from the Government, the Government complied, and disclosed to Defendant all the documents and information the Government intended to use for its case in chief before Defendant entered his pleas. If Defendant had desired more documents for impeachment purposes, Defendant needed to request them. *United States v. Ruiz*, 536 U.S. 622,

---

[2] Fed. R. Crim. P. 16(a)(1)(E) states:

> (a) Government's Disclosure
> (1) Information to Disclose:
> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>> (i) the item is material to preparing the defense;
>> (ii) the government intends to use the item in its case-in-chief at trial; or
>> (iii) the item was obtained from or belongs to the defendant."

623 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."). The Supreme Court explained that impeachment information "is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary." *Id.* at 629. For those reasons, this Court concludes that Defendant's challenge concerning the voluntary nature of his pleas is not likely to be successful.

Next, the Government addresses the second prong of Defendant's appeal, contending that this Court erred in denying Defendant's Motion to Withdraw his guilty pleas. Notably, Defendant does not address this basis of his appeal in his memorandum in support of the stay. The Government argues that this appeal will not be well-taken by the Court of Appeals. This Court agrees with the Government and its analysis of the seven *Bashara* factors analyzing whether Defendant had a "fair and just reason" to withdraw his pleas under Fed. R. Crim. P. 11(d). *See United States v. Bashara*, 27 F.3d 1174, 1180-81 (6th Cir. 1994).

This Court fully addressed the *Bashara* factors in its decision to deny Defendant's Motion to Withdraw. (10/16/09, Sentencing Tr. at pp. 21–24). All seven factors weighed against Defendant. Briefly, the seven factors are: (1) the length of time between the plea and the motion to withdraw (here, over one year elapsed); (2) the presence or absence of a valid reason for failure to move to withdraw earlier (here, the documents seized by the Government do not provide a valid excuse for reasons discussed, *see supra*); (3) whether defendant has asserted or maintained his innocence (here, Defendant's innocence claim was of recent vintage and relied on documents originally in his possession); (4) the circumstances underlying the entry of the guilty plea (here, Defendant indicated his plea was knowing and voluntary and that he agreed with the

623 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."). The Supreme Court explained that impeachment information "is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary." *Id.* at 629. For those reasons, this Court concludes that Defendant's challenge concerning the voluntary nature of his pleas is not likely to be successful.

Next, the Government addresses the second prong of Defendant's appeal, contending that this Court erred in denying Defendant's Motion to Withdraw his guilty pleas. Notably, Defendant does not address this basis of his appeal in his memorandum in support of the stay. The Government argues that this appeal will not be well-taken by the Court of Appeals. This Court agrees with the Government and its analysis of the seven *Bashara* factors analyzing whether Defendant had a "fair and just reason" to withdraw his pleas under Fed. R. Crim. P. 11(d). *See United States v. Bashara*, 27 F.3d 1174, 1180-81 (6th Cir. 1994).

This Court fully addressed the *Bashara* factors in its decision to deny Defendant's Motion to Withdraw. (10/16/09, Sentencing Tr. at pp. 21–24). All seven factors weighed against Defendant. Briefly, the seven factors are: (1) the length of time between the plea and the motion to withdraw (here, over one year elapsed); (2) the presence or absence of a valid reason for failure to move to withdraw earlier (here, the documents seized by the Government do not provide a valid excuse for reasons discussed, *see supra*); (3) whether defendant has asserted or maintained his innocence (here, Defendant's innocence claim was of recent vintage and relied on documents originally in his possession); (4) the circumstances underlying the entry of the guilty plea (here, Defendant indicated his plea was knowing and voluntary and that he agreed with the

statement of facts); (5) defendant's nature and background (here, Defendant has had extensive contact with the criminal justice system based on previous schemes); (6) defendant's experience with the criminal justice system (here, Defendant has been held in federal custody three times and holds the maximum criminal history category level of VI); and (7) the potential prejudice to the Government if the motion to withdraw is granted (here, the Government faces significant prejudice as this case will drag on interminably). *Bashara*, 27 F.3d at 1180-81; (10/16/09, Sentencing Tr. at pp. 21–24). This Court adopts its prior reasoning and finds that Defendant's challenge on appeal of this Court's decision to deny Defendant's Motion to Withdraw will likely not be successful.

Finally, the Government addresses the final basis for Defendant's appeal, namely that this Court erred in applying the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, to victim Nathan Simons. The Government argues this Court properly applied the MVRA to Simons. Defendant provides no argument for why this Court should revisit its decision to apply the MVRA to Simons. Simons, who paid Defendant for worthless business shares, qualifies as a victim under the statute, which defines a victim as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). Further, Defendant acknowledged his defrauding of Simons in his plea colloquy with this Court. (9/4/08, Change of Plea Tr. at pp. 34–35). This Court therefore finds that it correctly applied the MVRA to Simons, and that Defendant's challenge on that issue will likely not be successful.

In sum, this Court finds that Defendant's appeal, challenging this Court's denial of Defendant's Motion to Dismiss and his Motion to Withdraw, and challenging this Court's application of MVRA to Simons, is not likely to succeed. Because the likelihood of success on appeal is the only ground upon which Defendant supports his current Motion to Stay, this Court finds that it is not an appropriate exercise of its discretion under Fed. R. Crim. P. 38 to stay enforcement of Defendant's criminal monetary penalties.

### III. *Conclusion*

For the foregoing reasons, Defendant's Motion to Stay Enforcement of Sentence Pending Appeal is **DENIED**.

**IT IS SO ORDERED.**

                                                     __s/Algenon L. Marbley__
                                                   Algenon L. Marbley
                                                   United States District Judge

**Dated: September 6, 2012**